STEPTOE, JUDGE:
On July 28, 1991, claimant Hutton was a substance abuse therapist employed at Huntington State Hospital by respondent, Department of Health and Human Resources.
It appears from the record (consisting of the notice of claim, respondent’s Answer, and the statement of respondent’s counsel in open Court)that:
1. Claimant was on duty at the Hospital on July 28,1992, when he was engaged in conversation by a male visitor to the hospital, one Thomas Russell, who was accompanied by a four-year-old girl, the daughter of Russell and of a female patient. Claimant advised Russell that he (Hutton) was not permitted to talk about the patient’s case without her consent. Russell asserted that the child could see her mother at any time, but claimant said a visit might take place only during visiting hours; whereupon Russell suggested he might take the patient out of the Hospital, to which suggestion claimant replied that Russell had no right to do so, and asked Russell to leave and, in the course of escorting Russell to the door, touched Russell on the shoulder. Russell became hostile and abusive and on the way out threatened to file a criminal action against claimant.
2. In fact, Russell did file a battery charge against claimant in the Magistrate Court of Cabell County, and the magistrate found against claimant. Claimant appealed to the Circuit Court of Cabell County which dismissed the criminal action. Claimant seeks to be indemnified to the extent of $1,500 for legal fees incurred by him *155 in and about his defense to the criminal charge.
3. At the time of the incident aforesaid, claimant was performing his duty in accordance with the hospital protocol, and acted in good faith to carry out instructions for handling such a situation. The respondent admits that as a result of the incident and criminal charges an internal agency investigation of the incident was convened and concluded that claimant acted within the scope and authority of his duties, as well as in conformity with applicable hospital procedures.
So, we come to the question: does respondent have a duty to indemnify claimant for reasonable attorney fees:
“As a general rule, the employer is bound to indemnify his employee for all loss or injury sustained by his employment...In order than recovery may be sustained it must be made to appear that the plaintiff, at the time complained of, was acting for and in place of his master in accordance with and representing his master’s will and not his own, and that the business she was doing is strictly that of his master and not in any respect his own.” 53 Am. Jr. 2d 200, Master and Servant §132.
“A contract of indemnity need not to express; indemnity may be recovered if the evidence establishes an implied contract....”
41 Am. Jur. 2d 705, Indemnity §19
“The rules governing whether a public official is entitled to indemnification for attorneys’ fees are the same in both the civil and criminal context. In order to justify indemnification from public funds, the underlying action must arise from the discharge of an official duty in which the government has an interest; the official must have acted in good faith; and the agency seeking to indemnify the officer must have either the express or implied authority to do so.”
3rd point, syl. by Court in Powers v. Goodwin, 291 S.E.2d 466 (W.Va. 1982).
It is apparent to the Court that in causing Russell to leave the hospital the claimant was acting strictly in the line of duty, in accordance with the spirit and letter of the instructions promulgated by the State for its own benefit. There is no evidence of personal motivation or interest on the part of the claimant, and we find that he acted in good faith throughout the incident.
*156 As Powers holds, the agency seeking to indemnify the officer must have either the express or implied authority to do so. We are cited no statute of general application conferring authority to indemnify State personnel charged with criminal acts committed in the performance of their duties or responsibilities for attorneys’ fees, but W.Va. Code §20-1-13 has, for more than fifty years, authorized the director of conservation to pay for legal services rendered or to be rendered to his personnel in defense of criminal charges involving their action performed int the line of duty; by enactment of this statute, the Legislature has implicitly embraced the principle of indemnification.
If the civil sector has generally accepted indemnification, and the State has, by implication, accepted it, why should there not be a moral obligation on the part of the State to indemnify this claimant, who has necessarily employed an attorney to defend him for an act directed by the State for its own interest?
Since the Legislature, in enacting W.Va. Code §20-1-13, limited indemnification to $500.00, we feel constrained, also, to do so, and award the sum of $500.00 to the claimant.
Award of $500.00.